**Eldon L. FREE, Libellant,**

v.

**Victor SAMPLE, Respondent.**

**No. HS 70-C-6.**

United States District Court,
W. D. Arkansas,
Hot Springs Division.
April 16, 1971.

Ray S. Smith, Wood, Smith & Schnipper, Hot Springs, Ark., Booth, Lockard, Jack, Pleasant & Sage, Shreveport, La., for libellant.

Sam Laser, Cockrill, Laser, McGehee, Sharp & Boswell, Little Rock, Ark., for respondent.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

In this action Eldon L. Free, libellant, seeks to recover damages in personam against Victor Sample, respondent, as a result of injuries sustained by libellant in an accident involving a motor boat which occurred on Lake Hamilton near Hot Springs, Arkansas. Libellant is a resident and citizen of Bossier City, Louisiana. Respondent is domiciled in Little Rock, Arkansas. Jurisdiction is claimed under the provisions of the Admiralty and Maritime laws, 28 U.S.C.A. § 1333.

Respondent has filed a motion to dismiss for lack of jurisdiction and seeks judgment on the basis (1) Lake Hamilton is not a navigable body of water so as to bring this action within Admiralty jurisdiction, and (2) the barge (motor boat) involved is not a "vessel" within the meaning of Admiralty law.

■ For the purpose of this motion, there is no dispute of the fact that an accident occurred on or about July 12, 1969, while libellant was a passenger on a barge owned and being operated by respondent on Lake Hamilton. It is well established that the Admiralty and Maritime jurisdiction of the United States includes all navigable waters within the boundaries of the country. Southern Steamship Co. v. National Labor Relations Board, et al., 316 U.S. 31, 62 S.Ct. 886, 86 L.Ed. 1246 (1942); The Propeller Genesee Chief, 12 How. 443, 13 L.Ed. 1058 (1851).

28 U.S.C.A. § 1333 provides:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

■ The parties agree that the basic requirement of the admiralty jurisdiction in tort action is that the tort must have occurred upon navigable waters.

■ The primary question for the Court's determination is whether the Ouachita River, including Lake Hamilton, is navigable within the terms of the act. This identical question was decided by the District Judge, Benjamin C. Dawkins, Jr., Chief Judge, in an adjoining district, W.D. Louisiana, Shreveport Division, on May 25, 1965. Madole v. Johnson, 241 F.Supp. 379. Since the identical question as to the navigability of the Ouachita River resulting from an accident on the same Lake Hamilton, this Court adopts the opinion as applicable to this case, including established facts by affidavits, stipulations and appropriate citations on the question.[1]

Furthermore, our own Eighth Circuit Court of Appeals has had occasion to consider whether the Ouachita River, which traverses Arkansas and Louisiana, is a navigable stream. Although in a different context, the Eighth Circuit in

---

1. The Court concludes this is dispositive of respondent's contention that the barge involved in the accident was not a "vessel" within the meaning of admiralty law.

Arkansas Power & Light Company v. Federal Power Commission, 125 F.2d 982, 985, specifically stated:

"* * *. The Ouachita River in Arkansas is by the terms of the license a navigable stream. In the exercise of the commerce power under the Constitution Congress enacted the Federal Power Act and the Flood Control Act of 1938, supra, to regulate the construction of dams for power and flood control purposes in navigable streams."

It should be noted that this statement was made in connection with a license application for the construction of Blakely Dam above Lake Hamilton where the accident occurred in this case and some years after the construction of the dam forming Lake Hamilton. The license contained a specific reservation making it subject to the regulations of the Commission and to the provisions of the Flood Control Act of 1938. There, as here, no case is cited holding that the government agency is subject to an estoppel in pais.

Again, in George v. Beavark, Inc., 402 F.2d 977 (1968), our Eighth Circuit Court of Appeals, Judge Mehaffy, Circuit Judge, for the court, stated the rule of law that, "If the river was navigable prior to construction of the dam, it continues to be considered as a navigable stream. Citing cases." There is no question but what the Ouachita River in this area from its confluence with the Black and Mississippi Rivers to above Lake Hamilton has historically been a navigable stream.

A similar situation, as the instant case, was determined by our Eighth Circuit Court of Appeals in Loc-Wood Boat & Motors v. Rockwell, 245 F.2d 306. Judge Sanborn, Circuit Judge, speaking for the court, stated at page 307:

"The Lake of the Ozarks was created by the Bagnell Dam in the Osage River. The lake is entirely within the state of Missouri, but is navigable water within the admiralty and maritime jurisdiction of the United States." Citing cases.

Finally, the United States Court of Appeals, District of Columbia, in Montana Power Co. v. Federal Power Commission, 87 U.S.App.D.C. 316, 185 F.2d 491, at page 493, Judge Bazelon, Circuit Judge, for the court, stated:

"There is no dispute that the river from its mouth at St. Louis, Missouri, to Fort Benton, Montana, has been used by steamboats in the past. And, though the Great Falls themselves have never been navigated, the Commission had before it substantial evidence of actual use of the river upstream from Fort Benton to the foot of the falls, and from above the falls to Three Forks. Thus, the record reveals that in 1866–67, several steamboats sailed as far as thirty miles above Fort Benton, almost up to the falls.

"* * * We do not think that the construction of the Fort Peck dam below Fort Benton, which has virtually eliminated actual use of the upper portion of the river for transportation, can alter such status. * * * Although railway competition ultimately eliminated it as a substantial artery of commerce, such decrease in use does not transform a navigable river into a non-navigable one. 'Commercial disuse resulting from changed geographical conditions, and a Congressional failure to deal with them, does not amount to an abandonment of a navigable river or prohibit future exertion of federal control.' "

Therefore, the Court concludes that Lake Hamilton is part of the navigable waters of the United States over which this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.A. § 1333. The respondents motion to dismiss is denied.

An order will be entered accordingly.