**Tom DUNHAM, et al., Plaintiffs,**

v.

**Oscar DeMAINE, Defendant,**

v.

**Jerry HISSAM, Third-Party Defendant.**

**No. LR-C-81-16.**

United States District Court,
E.D. Arkansas, W.D.

Feb. 4, 1983.

M.J. Bruckner and John V. Hendry, Marti, Dalton, Bruckner, O'Gara & Keeting, P.C., Lincoln, Neb., Curtis A. Bromm, Edstrom, Bromm & Lindahl, Wahoo, Neb., William R. Wilson, Jr., Little Rock, Ark., for plaintiffs.

William H. Sutton, Friday, Eldredge & Clark, Little Rock, Ark., for defendant.

Lane, Muse, Arman & Pullen, Hot Springs, Ark., James D. Storey, Wright, Lindsey & Jennings, Little Rock, Ark., for third-party defendant.

## ORDER

GEORGE HOWARD, Jr., District Judge.

The issue pending before this Court is whether this Court has admiralty jurisdiction over the matters raised in this suit. The complaint, the third-party complaint and counterclaims all arise out of a recreational boating accident on Lake Hamilton. The key issue is whether Lake Hamilton is navigable for purposes of admiralty jurisdiction. The matter has been thoroughly briefed by the parties and is now ripe for decision.

The parties all acknowledge that Lake Hamilton was formed by two dams on the Ouachita River, which historically had been navigable in its natural state. *See, Free v. Sample,* 324 F.Supp. 1362 (W.D.Ark.1971). The parties disagree on whether Lake Hamilton is currently navigable.

The Court finds that Lake Hamilton is not navigable for purposes of admiralty or maritime jurisdiction in this suit. The two dams which form the lake were built in 1932 and 1953, and do not contain locks for boats to travel to the other lakes in the Ouachita River system. The lake has not been susceptible for the use of commercial shipping since its formation and instead has become surrounded by residences and recreational industry. Tugboats, barges and other types of commercial vessels do not use the lake and it is not foreseeable that such traffic will be observed on the lake in its present state. The lake is, thus, not usable for commercial shipping and there is no reasonable likelihood that the lake will be rendered susceptible of use for commercial shipping in the foreseeable future.

The current status of Lake Hamilton, rather than its historical status, governs navigability in the Eighth Circuit after *Livingston v. United States,* 627 F.2d 165 (8th Cir.1980) *cert. denied,* 450 U.S. 914, 101 S.Ct. 1354, 67 L.Ed.2d 338 (1981). The Eighth Circuit reviewed the purpose of admiralty jurisdiction in providing a uniform law for commercial maritime activity which would open new areas of water for commercial shipping. When such waters are closed to commercial trade, the purpose of admiralty jurisdiction is no longer present and the effect of the closing should be the elimination of admiralty jurisdiction over those bodies. Thus, navigability in admiralty is limited to describing the current capability of waters to sustain commercial shipping.

Plaintiffs have moved for permission to file an amended complaint to eliminate admiralty jurisdiction as an alternative basis for jurisdiction. The Court finds that the motion should be, and it is hereby, granted.

Accordingly, this case will proceed on the basis of diversity jurisdiction only without any claims based on admiralty jurisdiction.